IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DOMINGO RODRIGUEZ LEBRON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 04-2191(PG)
Criminal No. 02-393 (PG)

## REPORT AND RECOMMENDATION

## INTRODUCTION

On November 1, 2004, petitioner Domingo Rodríguez-Lebrón filed a pro-se motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence imposed after a guilty plea in Criminal No. 02-393 (PG).  Petitioner submits that his role enhancement was in violation of the Sixth Amendment of the United States Constitution and the Double Jeopardy clause, and counsel was ineffective for failing to file an appeal notwithstanding his request to do so. (**Civil No. 04-2191, Docket No. 1**).  The §2255 petition was referred to this Magistrate Judge for report and recommendation.  (**Civil No. 04-2191, Docket No. 3**).

On December 17, 2004, the United States filed its Response to petitioner's request acknowledging a factual dispute regarding petitioner's request to his counsel to file a direct appeal and recommended that an evidentiary hearing on the issue be entertained by this Magistrate Judge.  (**Civil No. 04-2186, Docket No. 8**).

Domingo Rodríguez Lebrón v. U.S.
Civil No.  04-2191(PG)
Criminal No. 03-393 (PG)
Report and Recommendation
Page 2

On February 7, 2005, petitioner was initially appointed counsel and petitioner's transfer to the jurisdiction was arranged through the U.S. Marshals' Service (**Docket Nos. 11, 13-14**). The evidentiary hearing was initially set for June 1, 2005, after several requests for continuance. Nonetheless, the hearing had to be rescheduled again upon request of then appointed counsel (**Dockets No. 23, 27, 28**).  Counsel then sought to withdraw from representation of petitioner, with acquiescence of his client, and new counsel was appointed (**Docket No. 28, 31**).  The evidentiary hearing was rescheduled and new counsel sought continuance pending receipt of documents retained by the Bureau of Prisons (**Docket No. 32, 34, 37**).

On January 26, 2006, the evidentiary hearing was held and petitioner, assisted by counsel Raymond Rivera-Esteves, was present and testified.   The government appeared represented by AUSA Judith Vargas.   The evidence presented at the evidentiary hearing was limited to the issue of the failure to file a direct appeal.

## PROCEDURAL BACKGROUND

Above petitioner was charged in Count One of an Indictment, together with other co-defendants, with willfully, knowingly, intentionally and unlawfully conspiring to possess with intent to distribute controlled substances five (5) kilograms or more of cocaine, and/or fifty (50) grams or more of cocaine base ("crack"),  as prohibited by Title 21, United States Code 841(a)(1), in violation of 21 U.S.C. § 846.[1]

---

[1]  21 U.S.C. §846. Attempt and conspiracy
   Any person who attempts or conspires to commit any offense defined in this subchapter shall
   be subject to the same penalties as those prescribed for the offense, the commission of which
   was the object of the attempt or conspiracy.

On July 15, 2003, petitioner entered a plea of guilty pursuant to a government's plea offer under Rule 11(c)(1)(B) of the Fed.R.Crim.P and the Rule 11 hearing was entertained by the Court. On November 7, 2003 , petitioner was sentenced to a term of imprisonment of one hundred and eight (108) months, a supervised release term of four (4) years, and a special monetary assessment of one hundred dollars ($100).

## LEGAL ANALYSIS

### I.    The Sentence Imposed Was Not the One Expected.

Petitioner argues in the initial *pro-se* claim that, regardless that the sentencing range discussed was from eighty seven to one hundred eight (87-108) months of imprisonment and although the record clearly indicated the parties had agreed to a recommended term of one hundred and eight (108) months, he was informed by counsel that being a first time offender, the lower end of the guideline would be applied.  As such, petitioner states in the § 2255 petition he was expecting a sentence of eighty seven (87) months because in his understanding the sentence recommendation of one hundred and eight (108) months was not binding for the Court.

Nevertheless, the record shows the applicable guideline range considered by the Court and as shown by the Presentence Report fluctuated from eighty seven to one hundred and eight (87-108) months of incarceration. The written Plea Agreement ("the Agreement") provided that petitioner did not meet the requirements of the safety valve (Plea Agreement, p. 4, ¶8);

<u>Domingo Rodríguez Lebrón v. U.S.</u>
Civil No.  04-2191(PG)
Criminal No. 03-393 (PG)
Report and Recommendation
Page 4

petitioner fell within the adjusted offense level of Twenty Nine (29), with a guideline range of

eighty seven to one hundred and eight (87-108) months, and the parties agreed to recommend

a term of imprisonment of one hundred and eight (108) months (*Id.*, p. 5, ¶9).

During the Rule 11 colloquy, the Court addressed petitioner personally as to the

guideline range and the sentencing recommendation, as well as to the fact that he did not meet

the requirements of the safety valve.  Petitioner clearly indicated that the recommendation

would be one hundred and eight (108) months  (Transcript 7-15-2003, p. 10).[2]  Additionally,

the Presentence Report, that was available to petitioner and his counsel and fully discussed at

the sentencing hearing, [3]  clearly indicated there was a two (2) point level increase warranted

for a supervisory role under 3B1.1(c) of the Sentencing Guideline (Transcript 11-7-2003, p. 8).[4]

Thus, at the time of sentencing, the Court being aware of a guideline imprisonment role of

eighty seven (87) to one hundred and eight (108) months, imposed a sentence of one hundred

and eight (108) months.  *Id.*

Petitioner testified at the evidentiary hearing that he entered into the plea agreement for

the benefit of a lower sentence than the statutory one.  There was no indication in the record

---

[2]  Petitioner was also admonished at the Rule 11 hearing that if the Court would impose a term of imprisonment that turned out to be higher than the one he was expecting, for that reason alone, petitioner would have no grounds for the Court to allow him to withdraw his plea of guilty.  Petitioner answered in the affirmative to this admonishment (Transcript 7-15-2003, p. 9)

[3]  Counsel was adamant in arguing against the enhancement for possession of a firearm or even that the evidence or the facts of the case would support it was reasonably foreseeable for petitioner that other members of the conspiracy would possess firearms. (Transcript 11-7-2003, pp. 2-6),

[4]  The government's version of fact does not appear signed by petitioner but was incorporated by reference in the Rule 11 hearing.  Still, no reference is therein made to petitioner's supervisory role.

nor in petitioner's testimony at the hearing before this Magistrate Judge that the plea was other than a knowing and voluntary waiver.  If petitioner had been convicted for an amount of cocaine as charged in the Indictment, exceeding five (5) kilograms, he would have been exposed to a minimum statutory imprisonment term of ten (10) years, a maximum fine of four million dollars ($4,000,000) and a supervised release term of five (5) years.

It is thus clear from the available record, petitioner's expectancy of receiving a sentence of eighty seven (87) months is unsupported.

## II.    Double Jeopardy.

Petitioner also avers that his conviction was obtained in violation of the protection against double jeopardy.  This claim is premised on arguments that the two (2) point enhancement for a supervisory role is a double counting and his counsel failed to object the issue before the Court.

The Double Jeopardy Clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The protection of the Double Jeopardy Clause is threefold; it safeguards an individual against (1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; and (3) multiple punishments for the same offense. United States v. Rivera-Martinez, 931 F.2d 148, 152 (1st Cir.), *cert. denied*, 502 U.S. 862, 112 S.Ct. 184 (1991).

When considering enhancement statutes for recidivism conduct, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist

statutes which are common place in criminal laws, the Highest Court has held that same do not change the penalty imposed for the earlier conviction.  Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927 (1994) (approving consideration of a defendant's previous uncounseled misdemeanor conviction in sentencing him for a subsequent offense).   The Supreme Court has thus rejected double jeopardy challenges because the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258 (1948). *See also* Spencer v. Texas, 385 U.S. 554, 560, 87 S.Ct. 648, 651-652 (1967); Oyler v. Boles, 368 U.S. 448, 451, 82 S.Ct. 501, 503 (1962); Moore v. Missouri, 159 U.S. 673, 677, 16 S.Ct. 179, 181 (1895) (under a recidivist statute, "the accused is not again punished for the first offence" because " 'the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself' ").  *See* Witte v. United States, 515 U.S. 389, 400, 115 S.Ct. 2199, 2206 (1995).

Since the United States Supreme Court has held double jeopardy implications are not applicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an offense, *see* Monge v. California, 524 U.S. 721, 726, 118 S.Ct. 2246 (1998), petitioner's averment that the enhancement imposed for supervisory role in the offense would afford him double jeopardy protection is flawed in law and in fact and does not require comprehensive discussion.

## III.    Ineffective Assistance of Counsel.

### A.    Ineffective Assistance of Counsel at Plea and Sentence for Failure to Argue against Enhancement.

Petitioner claims the two (2) level role in the offense enhancement violated his Sixth Amendment rights and counsel was ineffective in solely addressing the weapons enhancement and not the supervisory role.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. <u>Strickland</u>,   466 U.S. at   687.   *See also* <u>López-Nieves v. United States</u>, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* <u>Strickland</u>, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Pursuant to <u>Strickland</u>, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.  In light of the circumstances,

petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

A review of the record shows petitioner's claims of ineffective assistance of counsel are unsubstantiated.  As explained above, petitioner signed the Agreement thereby stipulating that the base offense level was going to be increased by two (2) levels for an organizer or leader. Petitioner accepted the terms of the Agreement which included the two (2) level enhancement for organizer or leader role.  The Presentence Report was also explained to petitioner by his counsel and he accepted same without challenging the leader and/or organizer role in the offense.

As to the change of plea hearing, petitioner admitted he had enough time to consult with his counsel; he was satisfied with the services provided by his counsel and he had rendered effective assistance of counsel; nobody forced him to plead guilty; and he was pleading guilty freely and voluntarily.

Moreover, at the sentencing hearing, the Court addressed petitioner as to the role in the offense explaining to him that the base offense level was going to be increased by two (2) levels for his role in the offense and petitioner acknowledged same. Petitioner was afforded an opportunity to speak and he did not object to the role in the offense enhancement.  Petitioner did not therein claim his counsel was ineffective.

Thus, from an examination of the available criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was unreasonable, there being no need for additional factual determinations to

be made which would require an evidentiary hearing related to these contentions in the §2255

petition.[5]

### B.      The Two (2) Level Role in the Offense.

Petitioner also contends the sentencing enhancement was improper.

Petitioner in this case did not go to a trial by jury but instead made a change of plea

pursuant to an Agreement.  The Agreement included a Sentencing Guideline Calculation which

provided for a role in the offense adjustment of being an organizer, leader, manager or

supervisor in the criminal activity that warranted a two (2) level increase in the base offense

level.  (Plea Agreement, p. 4, ¶c).

Thus, petitioner admitted in the Agreement and the statement of facts attached thereto,

as well as during the Rule 11 colloquy, his role in the offense.  *See* Plea Agreement, p. 4 , item

b.[6]   The District Judge ascertained petitioner understood and agreed to the representations

during the Rule 11 colloquy.  Neither did petitioner nor his counsel object to the Probation

Office's Presentence Report, which made reference to such leadership role in the drug trafficking

activity.

---

[5] A hearing on petitioner's motion is not required in this case.  A hearing on petitioner's  motion would be required  "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

   Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)).  *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

[6] "(b) The base offense level should be increased by two (2) levels as the petitioner was an organizer or leader of the criminal activity as provided by § 3B1.1 of the guidelines."

When a defendant pleads guilty or *nolo contendere* to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3) ] is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir.2000).

Accordingly, the two (2) level role in the offense enhancement was proper and counsel cannot be deemed ineffective for failure to argue against same.

## IV.    Right to Appeal.

Petitioner claims he was denied the benefit of a direct appeal to his conviction notwithstanding having requested his counsel to file an appeal.  The government's response to the petitioner acknowledged that a factual dispute was present regarding petitioner's request to counsel, for which an evidentiary hearing, limited solely to this contested issue was held on January 26, 2006.[7]

---

[7]  Where petitioner would be entitled to relief if his factual allegations are proven true, he is entitled to an evidentiary hearing on those allegations.  Mark v. Smith, 659 F.2d 23 (5th Cir. 1981).  A defendant could be granted relief for losing his right to appeal, in appropriate cases, through a §2255 motion.  United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991).

Domingo Rodríguez Lebrón v. U.S.
Civil No.  04-2191(PG)
Criminal No. 03-393 (PG)
Report and Recommendation
Page 11

At the hearing limited solely to the issue of the requested appeal, petitioner testified, assisted by court appointed counsel, that he requested his trial counsel after the sentencing and while still in the courtroom that he wanted to appeal the one hundred and eight (108) months of imprisonment imposed because he was a first offender and had expected the sentencing judge to impose the minimum of eighty seven (87) months.   Counsel never filed the requested appeal.  Once petitioner was transferred to Fort Dix, some four (4) months after his sentence, and when another inmate received appeal documents, petitioner was able to receive assistance of a legal library and paralegal services, he then filed his post-conviction request for his counsel not submitting the appeal.  Petitioner indicated that, while he remained at MDC Guaynabo Detention Center, there were no similar legal facilities for inmates and he is not knowledgeable in legal issues.

During the term petitioner had to appeal, and for the four (4) months he was at MDC Guaynabo, prior to his transfer to Fort Dix, petitioner communicated with family members and was visited once by his counsel about three (3) weeks after the sentence, at petitioner's request, to discuss some matters of the Presentence Report.  During this visit, the appeal was briefly discussed and former counsel told petitioner that, if the appeal was filed, his sentence could be raised.  Petitioner testified that he requested his counsel to file the appeal once in the courtroom after being sentenced and he trusted his counsel to file the same.

It is uncontroverted that petitioner's then attorney did not file a direct appeal to his conviction and sentence. Petitioner's testimony at the evidentiary hearing, as to his request to his then counsel to file an appeal and his failure to do so, was uncontradicted by the

government.  No attempt was made to offer evidence to refute petitioner's assertion under oath that he was denied his right to appeal although he requested his counsel to do so.

The government argued at closing that not filing an appeal was a tactical decision of petitioner's former counsel since the sentence imposed on petitioner was in accordance with the applicable law and the terms of the Agreement.  Still, the written plea agreement in the instant case contains no waiver of appeal by petitioner.

Even an indigent's right to counsel on appeal requires counsel wishing to withdraw on the grounds the appeal has no merit to first act as an advocate for the indigent and file a brief "referring to anything in the record that might arguably support the appeal".  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 1400-01 (1967).  The court is to consider where denial of counsel leaves a defendant completely without representation during appellate proceedings.  Penson v. Ohio, 488 U.S. 75 (1988).

The Sixth Amendment guarantee to assistance of counsel covers every step in the proceeding of a defendant, including appeal.  Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985).  Furthermore, in Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992), there is no need to first show that there is a meritorious appellate issue to grant relief since an appeal from a district court judgment of conviction is a matter of right.  Rodríguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969) (quoting Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 919 (1962).[8]

_____

[8]       "Those whose right to appeal has been frustrated should be treated exactly like any
          other appellants; they should not be given an additional hurdle to clear just because
          their rights were violated at some earlier stage in the proceedings.  Accordingly, we

In view of the above, petitioner's claims that he was deprived of his right to appeal are with merit.  Thus, petitioner's right to a direct appeal should be reinstated by means of a re-sentencing.  It is thus recommended that petitioner be re-sentenced for the purpose of obtaining appellate review of his conviction and sentence.

## CONCLUSION

In view of the foregoing, it is recommended that petitioner's § 2255 be GRANTED IN PART AND DENIED IN PART.  As discussed herein above, since petitioner has  established merits to his post-conviction motion, insofar as being denied a right to appeal his conviction and sentence, it is recommended relief be GRANTED by re-sentencing petitioner for the purpose of obtaining appellate review of his conviction and sentence.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

hold that the courts below erred in rejecting failure to specify the points he would raise were his right to appeal reinstated."  Rodriguez, 395 U.S. at 330, 89 S.Ct. At 1717.

Domingo Rodríguez Lebrón v. U.S.
Civil No.  04-2191(PG)
Criminal No. 03-393 (PG)
Report and Recommendation
Page 14

San Juan, Puerto Rico, this 27th day of January of 2006.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE